## GEORGE W. SHOEFFLER, APPELLANT, v. PHILLIPSBURG HORSE CAR RAILROAD COMPANY, RESPONDENT.

Submitted December 11, 1916—Decided March 5, 1917.

1. An excerpt from instructions to a jury upon which error is assigned must be read in connection with the context and if, when taken together, no error appears, the excerpt alone will not support the assignment.

2. The trial court in charging the jury as to the amount of force to be used in ejecting a passenger improperly on defendant's car said, by way of illustration, that if a passenger refused to leave the car, "And he pushed him off, that is all that would be necessary." *Held*, that this was not an instruction that defendant might push a passenger off the car regardless of consequences, the words "Would be necessary" meaning, in the connection used, that if the push accomplished the ejection, that was all the force defendant was permitted to use. In other words, the defendant had used all the force that was necessary under the conditions stated.

On appeal from the Warren County Circuit Court.

For the appellant, *William C. Gebhardt.*

For the respondent, *William H. Walters* and *William H. Morrow.*

The opinion of the court was delivered by

BERGEN, J. The defendant operates a street railway, and one of its rules require passengers to enter their cars through the rear door except during hours when the conductor is required to leave it to change a derailing switch at a steam railroad crossing. Plaintiff attempted to enter by the front door during the period when all passengers were required to board it in the rear, and the motorman told him to get off and get on the other end, which request he refused, and the motorman pushed him off. Plaintiff claims that more force was used than was necessary, causing injuries for which he

brought a suit, resulting in a judgment for defendant from which plaintiff appeals.

The principal ground urged in support of the appeal is that the rule was an unreasonable one, and that, therefore, the court erred in charging the jury that the motorman had the right to use as much force as was necessary to remove plaintiff from the front end of the car; and second, in charging that defendant had a right to push the plaintiff off without any warning that he intended to do it. That plaintiff knew that there was such a rule appears from his testimony, which was, in part, as follows:

"*Q.* You understood it was his wish for you to go to the rear of the car and get on?

"*A.* I presume that is true.

"*Q.* And you knew that was just according to the notice on the car, that you should enter by the rear door, didn't you?

"*A.* Yes, sir."

The court charged that the rule was a reasonable one, and no exception was taken to this, the exception being limited to that part which instructed the jury that defendant's servant had the right to use reasonable force to carry it out. The part of the charge which the plaintiff most complains of is this: "Or if a man got on the car and the motorman said, 'Get off and go to the rear door,' and he said 'I don't feel like it,' and he pushed him off, that is all that would be necessary."

From this, plaintiff argues that the court told the jury that the motorman had a right to push the plaintiff off the car, not merely to use as much force as was necessary to remove defendant from the car, but to push him off without regard to consequences.

An excerpt from a charge to a jury must always be read in connection with its context, and in doing so in this case, we find that the court was instructing the jury concerning the necessary force required in a given case, and that if there be resistance, that the force is to be measured by the amount

of the resistance, and, by way of illustration, said that if a motorman requested a person to get off and enter by the rear door, and the request was complied with, there would be no need of force beyond the request, and then follows what is above quoted, which amounts to nothing more than saying that if there was a refusal, and a push was sufficient to put him off, the push would be all the force which the circumstances justified. It was not an instruction that a push was justifiable under all circumstances. The question whether more force was used than necessary to induce plaintiff to comply with the rule was distinctly left to the jury.

The second proposition that the court charged that defendant had a right to push plaintiff from the car without warning is without merit. No such instruction appears in the charge, and no request to charge that warning was required was submitted, and if it had been, it would have been properly refused, for plaintiff testified that he knew the rule required him to enter by the rear and that he was requested to comply with that rule.

There is no error in the charge to which any exception was taken and noted on the record. The other points argued relate mainly to the weight of the evidence, which cannot be considered on this appeal.

The judgment under review is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.